UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF BEMER,

    Plaintiff,

Case No. 10-cv-12228

HONORABLE STEPHEN J. MURPHY, III

v.

CORRECTIONAL MEDICAL SERVICES
INC., et al.,

    Defendants.

                                     /

**ORDER OVERRULING OBJECTION** (docket no. 119)**, ADOPTING REPORT AND RECOMMENDATION** (docket no.118) **AND GRANTING DEFENDANTS' DISPOSITIVE MOTIONS** (docket nos. 75, 76, 79, 86, 97, and 109)

Jeff Bemer was a prisoner of the Michigan Department of Corrections ("MDOC") from June 2007 to December 2009. He claims that during his incarceration, he fractured a metatarsal bone in his small toe while playing baseball, and did not receive adequate medical treatment for the fracture. To redress this alleged failure, he brought this action against Correctional Medical Services, Inc. ('CMS") and Prison Health Services, Inc. ("PHS"), as well as numerous prison officials and medical professionals.[1] His four-count complaint alleges inadequate medical care, conditions of confinement that violate contemporary standards of decency, and supervisory liability for the Defendants' customs

---

[1] The served, individual defendants are Dr. Sasikala Vemulapalli; Dr. Audberto Antonini; Dr. Krishn Mohan; Dr. Maureen Onuigbo; John Kearney, a nurse practitioner; Deborah Cary, a nurse; Robert Anderson; and Jerry Ludwig.
    Bemer never served an individual identified in the complaint as "Harris," and did not oppose the magistrate judge's recommendation to dismiss him from the case without prejudice. *See* Fed. R. Civ. P. 4(m) (requiring service of defendants within 120 days of filing the complaint, and permitting dismissal of complaint, without prejudice, once plaintiff is given notice of the failure).

and policies under the Eight Amendment to the Constitution pursuant to 42 U.S.C. § 1983, and gross negligence under Michigan law.

The Court referred the case to a magistrate judge for all pretrial proceedings. All individual and corporate defendants filed motions to dismiss or, in the alternative, for summary judgments. The magistrate judge issued a Report and Recommendation ("Report") on these motions on January 27, 2012. The Report recommends the Court grant all of the Defendants' motions. Bemer filed timely objections to the Report on February 10, 2012.[2] The Court finds that the objections lack merit, and that the Report's conclusions are factually and legally sound. Accordingly, it will overrule the objections, adopt the Report, grant Defendants' motions, and dismiss this case.

## STANDARD OF REVIEW

Recommendations on dispositive motions given by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motions is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Bemer has objected to the magistrate judge's failure to address his gross negligence (Objection I) and "conditions of confinement" (Objection IV) claims, and to his general handling of Bemer's Eighth Amendment claims on summary judgment (Objections II, III, and V).[3] Therefore, the Court reviews these claims de novo. For organizational

---

[2] Defendants Cary, Ludwig, and Anderson also filed a brief with the Court on February 10. Defs.' Objections to Report and Resp. to Pl.'s Objections, ECF No. 120. The brief includes a response to some of Bemer's arguments, and several objections to the Report's failure to rely on certain arguments they raised. The Court is aware of Defendants' concerns about preserving these arguments on appeal, and believes their brief alleviates any such concerns. There is to need to address these arguments here.

[3] The Court obtained this numeration by labeling the objection found under heading "II" as "Objection I," and moving sequentially through the headings in the Objections.

purposes, the Court will discuss Objections II, III, and V first, before moving to Objection I, and closing with Objection IV.

## DISCUSSION

I. <u>Summary Judgment on Bemer's Eighth Amendment Claims (Objections II, III, & V)</u>

Bemer argues that the Report erred by (1) finding that no reasonable jury would conclude that prison officials were deliberately indifferent to his medical needs; (2) failing to interpret the record in the light most favorable to Bemer; and (3) ignoring genuine disputes of material fact with respect to the conduct of Ludwig and Anderson. These arguments have no merit. Therefore, the Court will adopt the findings of the Report on Bemer's Eighth Amendment claim.

Bemer argues in his objections that the magistrate judge erred because, "when a medical care provider is aware of a fracture or any type of foot or ankle injury, even the most simple care would require that the medical practitioner look at the foot or even touch it," and "[t]his was not . . . done" for him. Objections at 7. He asserts that not taking these steps violated principles of "elementary first aid" and "basic common sense." *Id.* at 4. But Bemer never explains why it is that "looking at" or "touching" a broken toe is crucial to its proper diagnosis or treatment. He also never explains how his treatment outcome would have changed had they done so.

Moreover, the objections overlook significant record evidence demonstrating that Bemer received adequate medical treatment while in MDOC custody. A prison nurse examined Bemer just a few days after the incident, administered essential first-aid treatments, ordered Bemer to be taken off work duty, and referred him for further examination. Hospital staff accurately diagnosed Bemer's broken foot the next day using an x-ray machine. Subsequently, the prison arranged for Bemer to be seen by several

doctors, including an orthopedic surgeon. The doctors prescribed widely-accepted methods for healing and managing a fracture like the one Bemer suffered, including a fracture boot, crutches, ACE wrap, and pain medication. In addition, prison officials made numerous accommodations for Bemer's condition, such as placing him in a ground-floor cell, assigning him to a lower bunk, and giving him a "light work" duty restriction. Bemer's focus on "looking at" or "touching" his broken toe, to the exclusion of undisputed evidence of the extensive treatment he received during his time in prison, reflects a misunderstanding of what the Eighth Amendment requires.

Bemer also draws the Court's attention to the magistrate judge's suggestion that Bemer's story about how Ludwig and Anderson treated him in the prison kitchen not long after his injury was false. As the Report and the summary judgment motion filed by Ludwig and Anderson show, this would have been a proper conclusion. *See* Report at 3–4; Ludwig & Anderson's Mot. for S.J. at 5–10, ECF No. 109. The prison's work logs and the deposition testimony of Ludwig and Anderson demonstrate that Bemer is mistaken about the identity of the men he claims he encountered in the prison kitchen on the day in question. Ludwig was not at work that day, and Anderson was working in a different part of the prison. Disagreements and contrary assertions do not, of their own accord, create an issue for consideration by a jury. *See CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011) ("A mere scintilla of evidence is insufficient to create a material question of fact and defeat a motion for summary judgment; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986))). Empaneling a jury to disprove Bemer's story would be wasteful..

But Bemer's objection also fails because the Report did not rest its conclusion on these grounds. It conceded that Ludwig and Anderson were present, but found that no reasonable juror would conclude they were deliberately indifferent to Bemer's needs. The Court agrees with this conclusion, as well. Unlike, for instance, heat stroke,[4] a broken toe is not an injury "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Indeed, the injury was sufficiently non-obvious that prison staff needed x-rays to determine that Bemer had a serious issue. As prison employees without medical training, Anderson and Ludwig could not have known enough about Bemer's condition to "recognize the need for a doctor's attention," as the "deliberate indifference" standard requires. Moreover, any responsibility they might have borne was absolved when Bemer received appropriate treatment just a few days later, as no one claims that the slight delay had any significant impact on Bemer's course of recovery. Therefore, even if one accepts Bemer's story as true, he has no claim against Ludwig or Anderson.

All parties agree that Bemer's treatment did not result in the optimal clinical outcome. But that is not the standard the state is held to in Eighth Amendment cases. Defendants are only liable if they showed a "wanton indifference to [Bemer's] needs," and that standard is not met here. *Raheem v. Stout*, 101 F. App'x 603, 606 (6th Cir. 2004) (affirming dismissal of prisoner's inadequate medical care claim under the Eighth Amendment after he broke his ankle while slipping on "black ice" in the prison yard, was not seen by a doctor for eight

---

[4] *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 553 (6th Cir. 2009) (affirming district court's denial of summary judgment to a nurse who observed signs that prisoner was suffering from heat stroke on at least five different occasions, but failed to take adequate treatment steps).

days, and did not receive an x-ray for a month). Bemer received more than enough treatment during his incarceration to satisfy the Eighth Amendment's requirements. Accordingly, these objections must be overruled, as well.

II.     Bemer's Gross Negligence Claim (Objection I)

The magistrate judge disposed of Bemer's gross negligence claims under Michigan law in a brief paragraph towards the end of the Report. He found that even though gross negligence "is a less stringent standard" than the Eighth Amendment, Bemer's state law claims were unavailing because "no reasonable jury would find that the moving Defendants treatment of Plaintiff meets even the less stringent standard of gross negligence." Report at 19–20. Bemer's objection to this finding tracks his objection to the dismissal of his federal claims by drawing attention to the failure of various medical officials to "look at" or "touch" his injury.

The Court agrees that gross negligence is a less permissive standard than deliberate indifference. *See Jones v. Muskegon Cnty.*, 625 F.3d 935, 947 (6th Cir. 2010) ("[D]eliberate indifference is a more stringent standard" than gross negligence). Michigan defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results". Mich. Comp. Laws § 691.1407(2)(c). But further analysis on the part of the magistrate judge would not have led to the conclusion that a jury could find gross negligence took place on the record in front of the Court. X-rays, consultations with an orthopedic surgeon, a fracture boot, prescription drugs, and special prison accommodations are not consistent with a finding of gross negligence, regardless of how little the Defendants "looked at" or "touched" Bemer's broken toe. In addition, gross negligence follows strict "proximate cause" analysis, and it cannot be said that any of the Defendants in this case were "the one most immediate, efficient, and direct cause" of

6

Bemer's injury. *Robinson v. City of Detroit*, 462 Mich. 439, 459 (2000). The Court overrules the objection and adopts the magistrate judge's dismissal of Bemer's gross negligence claim.

III.  Bemer's "Conditions of Confinement" Claim (Objection IV)

Finally Bemer claims that the magistrate judge only ruled on count one of his complaint, which alleges "inadequate medical care" under the Eighth Amendment, and not count two, which alleges "conditions of confinement" that violate the Eighth Amendment. Generally speaking, a "conditions of confinement" claim requires pleading that prison officials showed "deliberate indifference" to "a substantial risk of harm" to a prisoner. *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011). "There is a substantial risk of harm 'in the denial of the minimal civilized measure of life's necessities,' including adequate food, clothing, shelter, medical care, and reasonable safety." *Id.* (internal citation omitted) (quoting *Spencer v. Buchard*, 449 F.3d 721, 728 (6th Cir. 2006). Thus, an "inadequate medical care" claim under the Eighth Amendment is more properly described as a *type* of "conditions of confinement" claim, and not as a separate cause of action. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) ("[W]e see no significant distinction between claims alleging inadequate medical care and those alleging inadequate 'conditions of confinement.' Indeed, the medical care a prisoner receives is just as much a 'condition' of his confinement as the food he is fed . . . .").

The magistrate judge did not err by failing to address the "conditions of confinement" claim specifically. The only "condition of confinement" Bemer discusses in the complaint is the "inadequate medical treatment" he received for his broken toe. The difference between counts one and two in the complaint is semantic, not substantive. This objection fails because both counts are subject to dismissal for the reasons stated in the Report.

7

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Bemer's objections (docket no. 119) are **OVERRULED**, and the magistrate judge's Report (docket no. 118) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the motions to dismiss and / or motions for summary judgment filed by Dr. Sasikala Vemulapalli (docket no. 75), Dr. Audberto Antonini (docket no. 76); John Kearney (docket no. 79); Dr. Krishn Mohan, Dr. Maureen Onuigbo, and CMS (docket no. 86); PHS and Kearney (docket no. 97); and Robert Anders, Deborah Cary, and Jerry Ludwig (docket no. 109); are **GRANTED**.

**IT IS FURTHER ORDERED** that the unserved defendant "Harris" is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 16, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 16, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager